IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SASHA ALAJAWON, | : | |
| Petitioner, | : | |
| v. | : | Civ. No. 21-093-RGA |
| SPECIAL CONSULAR'S OFFICE, | : | |
| Respondent. | : | |

## **MEMORANDUM ORDER**

At Wilmington this 11th day of May, 2021;

1. Petitioner commenced this action on January 27, 2021. (D.I. 1). On March 18, 2021, Respondent filed a motion to dismiss. (D.I. 4). Plaintiff did not file a response and, on April 6, 2021, the Court entered a show cause order for Plaintiff to file an answering brief or response to the motion to dismiss by April 27, 2021. Petitioner was warned that the case would be closed for failure to prosecute should she fail to respond to the motion. (D.I. 5). The time has passed and Petitioner did not file an opposition to the motion to dismiss.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary

caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4. Several factors warrant the sanction of dismissal including Plaintiff having failed to comply with a court order, having failed to respond to the motion to dismiss, and appearing to have abandoned the case. The claim is incomprehensible and therefore lacks merit.

THEREFORE, it is ordered that:

1. All pending motions (D.I. 1, 4) are **DISMISSED** as moot.

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

    /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE